Dale G. **BECKER,** Plaintiff–Appellant,

v.

State of **OHIO,** Defendant–Appellee.

No. 02–4061.

United States Court of Appeals, Sixth Circuit.

March 5, 2003.

Before MOORE and GIBBONS, Circuit

Judges; and COHN, District Judge.*

### ORDER

Dale G. Becker appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Becker filed his complaint in the district court in which he sought to challenge the constitutionality of an Ohio statute that requires him to register as a sex offender. Becker also filed an application for leave to proceed in forma pauperis. The district court denied Becker's application for pauper status because he is ineligible for pauper status pursuant to 28 U.S.C. § 1915(g), having brought an action or appeal dismissed on grounds of frivolity or failure to state a claim upon which relief can be granted on three prior occasions. In addition, the district court directed Becker to pay the district court filing fee within thirty days or face dismissal of this action. Becker filed a motion for reconsideration, and the district court denied the motion and dismissed the action. Becker filed a timely notice of appeal, and the district court has assessed the appellate filing fee. On appeal, Becker contends that 28 U.S.C. § 1915(g) improperly restricts his constitutional right to access to the courts and unfairly discriminates against prisoners.

Upon consideration, we will affirm the judgment for the reasons stated by the district court in its order filed August 15, 2002. This court has rejected arguments similar to those asserted by Becker on appeal that the "three strikes" provision of 28 U.S.C. § 1915(g) violates his constitutional rights to access to the courts and to equal protection. See Wilson v. Yaklich, 148 F.3d 596, 604–06 (6th Cir.1998). A district court must deny a prisoner's request for leave to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, or malicious, or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g). Dismissals entered before the effective date of § 1915(g) count toward the "three strikes." Wilson, 148 F.3d at 604. Becker does not dispute that he has "three strikes." Becker also does not allege that he is in imminent danger of serious physical injury, and thus fits within the exception to the "three strike" provision. Accordingly, the district court properly denied Becker pauper status.

For the foregoing reasons, the district court's judgment is affirmed. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.